IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES ANDERSON,           :
                              :
     Plaintiff,         :
                              :
vs.                   :     CIVIL ACTION 12-0024-M
                              :
MICHAEL J. ASTRUE,        :
Commissioner of Social Security,:
                              :
     Defendant.        :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 17).  Oral argument was waived in this action (Doc. 19).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or

1

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was sixty-one years old, had one year of college education (Tr. 35), and had previous work experience as a telemarketer (Tr. 36). In claiming benefits, Plaintiff alleges disability due to cervical and lumbar disc disease, arthritis of the knee, hypertension, and Hepatitis C (Doc. 13 Fact Sheet).

The Plaintiff filed protective applications for disability insurance and SSI on September 18, 2009 (Tr. 120-33; *see also* Tr. 19). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Anderson could perform his past relevant work as a telephone solicitor (Tr. 19-27). Plaintiff requested review of the hearing decision

(Tr. 14) by the Appeals Council, but it was denied (Tr. 1-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Anderson alleges that:  (1) The ALJ did not properly consider all of the evidence of record; and (2) the ALJ improperly rejected his testimony concerning his limitations (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 14).  The relevant evidence of record follows.

Records from the Franklin Primary Health Center show that on May 16, 2008, Anderson was seen for a routine checkup; his blood pressure was 138/76 and he was experiencing no pain (Tr. 190-91; *see generally*, Tr. 185-249).  On August 8, Plaintiff was seen for a sore right foot; blood pressure medication was re-prescribed (Tr. 188-89).  On November 11, Anderson stated that he had no pain, but needed medication refills; he was noted to have 5/5 strength bilaterally and no symptoms including shortness of breath, dizziness, or weakness (Tr. 186-87).  On April 9, 2009, Plaintiff was seen for a regular checkup; prescriptions were filled (Tr. 247-48).  On July 28, Anderson had a normal examination (Tr. 245-46).  On October 28, it was noted that Plaintiff had a soft abdomen; prescriptions were written (Tr. 243-44).

On November 21, 2009, Consultant Dr. Elmo Ozment, Jr. examined Plaintiff who complained of left lower back pain, Hepatitis C, high blood pressure, and chronic pain from an old gunshot wound to his left knee (Tr. 251-55).  Anderson told the doctor that he could sweep and vacuum but could not mow his lawn; he could care for his personal needs.  Ozment noted that Plaintiff sat ok and could take his shoes off and put them back on; he could get on and off the examining table without difficulty.  He did not use an assistive device; blood pressure was elevated at 150/105.  Anderson had poor balance, but he could bend over and almost touch the floor, though he did complain that it hurt his back; he could not squat because of back pain.  The doctor provided range of motion measurements for Plaintiff's spine and extremities; he noted negative straight leg raising on the right though there was some non-severe pain on the left.  Anderson had normal muscle bulk and tone and strength was 5/5 in both the upper and lower extremities; he had excellent bilateral grip strength.  Dr. Ozment noted that Plaintiff "held his left heel off the floor when he would stand up straight.  He said that if he put his heel down all the way, it would hurt his back;" the doctor also noted some pain on forward flexion of the back (Tr. 254).  Dr. Ozment's diagnosis

was left lower back pain, hepatitis C, and history of high blood
pressure.

On January 12, 2010, records from the Franklin Primary
Health Center show that Anderson needed prescription refills
(Tr. 259).  On April 30, Plaintiff complained of left hip pain
at a level one on a ten-point scale; previous x-rays showed
acetabular spurs (Tr. 258).  The doctor noted decreased
extension of the left knee.  On July 23, Anderson again
complained of level one pain; left knee crepitus was noted (Tr.
257).

On March 15, 2011, Orthopedic Surgeon Dr. William A.
Crotwell, III examined Plaintiff and noted that Plaintiff said
that he cooks three times a week, cleans once a week, drives
without problems, and can walk up to two blocks (Tr. 262-68).
On exam, the doctor noted that Anderson could take off his shoes
without difficulty and could flex to 90 degrees.  Examining the
lower extremities, Anderson had a normal toe and heel walk,
forward flexion to 75 degrees and extension to 30 degrees with
only a poor attempt; motor was 5/5 and sensory was normal.
Straight leg raise while sitting was ninety degrees with no
radicular pain; while lying down, raising on the left was normal
while there was pain on the right.  In the upper extremities,

motor was 5/5, sensory and grip strength were normal; flexion
and extension were eighty degrees while lateral was seventy
degrees.  The right knee was zero to 120 degrees; there were at
least ten-to-fifteen degrees of varus deformity in the left
knee, with fifteen-to-twenty degrees of extension and flexion to
110 degrees.  X-rays showed very minimal arthritis of the left
hip, arthritis of the left knee, some scoliosis and arthritis of
the lumbar spine, and mild arthritis of the cervical spine with
degenerative disk at C4-5.  Dr. Crotwell's diagnostic impression
was mild cervical degenerative disk disease, moderate lumbar
degenerative disk disease, and left knee arthritis; it was his
opinion that Anderson could "carry out medium to light [work];
he could definitely carry out light and could definitely carry
out sedentary [and] could work an 8-hour work day without any
problem" (Tr. 264).  Dr. Crotwell also completed a physical
capacity evaluation form (hereinafter *PCE*) in which he indicated
that Plaintiff could sit, stand, and walk, each, for two hours
at a time and do each of those for eight hours during an eight-
hour day (Tr. 265).  It was the doctor's opinion that Anderson
could lift up to twenty-five pounds occasionally, fifty pounds
frequently, and one hundred pounds occasionally and that he
could carry twenty pounds continuously, twenty-five pounds

frequently, and fifty pounds occasionally; Plaintiff was able to
use both arms and feet for repetitive movements and could bend,
squat, crawl, and climb frequently and reach continuously.
Crotwell indicated, however, that Anderson was mildly restricted
in being around moving machinery and driving automotive
equipment and moderately limited in being at unprotected
heights.

At the evidentiary hearing, Plaintiff testified that he had
worked as a telemarketer but that he lost his job because he was
unable to continuously sit without getting up and walking around
to relieve the pain in his leg (Tr. 36-37).  Anderson had
noticed, as he aged, that on some days he did not have any
problems while on others he could hardly move; the pain just
shut him down (Tr. 38).  For example, on some days, he could
rake the yard, clean the house, cook, and do volunteer work;
some days, he could not (Tr. 38-39).  He does volunteer work at
least one day a week (Tr. 39).  Anderson stated that he drives
every day; at times, he is able to go, every day, to visit with
other people his age to play checkers and visit (Tr. 39-41).  He
takes Flexeril[1] for his left knee and hip pain; the pain causes
an inability to stand up straight with his left heel touching

_____

[1]*Flexeril* is used along with "rest and physical therapy for
relief of muscle spasm associated with acute, painful musculoskeletal

the floor (Tr. 41-42).  This causes balance problems (Tr. 42).

Plaintiff rated his pain at a six or seven on a scale of ten; it

is most comfortable for him to sit, but he needs the flexibility

to stand up and walk around (Tr. 44).  His condition is getting

worse, now causing Anderson to need to lie down, maybe twice a

week (Tr. 44-45).  He can stand for three hours at a time

sometimes, while sometimes he cannot last for an hour (Tr. 45).

His medications sometimes make him drowsy (Tr. 47).

In her administrative decision, the ALJ summarized the

evidence of record in determining that Plaintiff had the

residual functional capacity (hereinafter *RFC*) to perform less

than a full range of sedentary work, but that he was capable of

performing his past relevant work as a telemarketer (Tr. 19-27).

The ALJ found that Anderson's testimony concerning his pain and

limitations was not entirely credible (Tr. 24, 26).

In bringing this action, Plaintiff first claims that the

ALJ did not properly consider all of the evidence of record.

Anderson more specifically asserts that the ALJ did not state

what weight was being given to the medical evidence, focusing

particularly on the report of Dr. Ozment (Doc. 13, pp. 6-11).

The Court notes that the ALJ is required to "state specifically

---

conditions."  *Physician's Desk Reference* 1455-57 (48th ed. 1994).

the weight accorded to each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The Court acknowledges that Anderson is correct in claiming that the ALJ "failed to state the particular weight given to **any** doctor who treated or examined Mr. Anderson" (Doc. 13, p. 10) (emphasis in original).  However, before determining how egregious an error this is, the Court will review the evidence.

The Court notes that Dr. Ozment reported that Plaintiff complained of some back pain and that he had some balance issues (Tr. 251-55).  Plaintiff had full strength and muscle tone and bulk in all extremities; the doctor specifically noted that Plaintiff experienced pain in squatting and in his left heel when he put pressure on it as well as in forward flexion of his back.  Dr. Ozment did not, however, express any opinion as to whether or not Anderson could work.  On the other hand, Dr. Crotwell, without equivocation, stated that Plaintiff was able to "carry out medium to light [work]; he could definitely carry out light and could definitely carry out sedentary [and] could work an 8-hour workday without any problem" (Tr. 264).  The Court notes that Anderson has, in his brief, referenced some pain prescriptions being written by Franklin Primary Health

9

Center (Doc. 13, p. 7; cf. Tr. 197-201); the Court notes,
however, that those medical records pre-date Anderson's asserted
disability date of August 15, 2008 (see Tr. 122).

The ALJ found that Plaintiff had the RFC to perform less
than a full range of sedentary work.[2]  She went on to
specifically find the following:

> The claimant can lift and carry ten pounds
> occasionally.  The claimant can stand/walk
> for approximately two hours and sit for
> approximately six hours in an eight-hour
> workday with normal breaks.  The claimant is
> unable to climb ladders, ropes, or
> scaffolds.  The claimant can only
> occasionally climb ramps or stairs.  The
> claimant should not work at unprotected
> heights and should not push or pull with the
> lower extremities.  Due to pain and other
> factors, the claimant would have mild to
> moderate impairment in terms of
> concentration, persistence, or pace,
> resulting in being off task or non-
> productive pace for one to five percent of
> the workday.

(Tr. 22-23).  At the evidentiary hearing, the ALJ posed a
hypothetical question to the vocational expert (hereinafter *VE*)
that included the restrictions found in the RFC and the VE

---

[2]"Sedentary work involves lifting no more than 10 pounds at a
time and occasionally lifting or carrying articles like docket files,
ledgers, and small tools.  Although a sedentary job is defined as one
which involves sitting, a certain amount of walking and standing is
often necessary in carrying out job duties.  Jobs are sedentary if
walking and standing are required occasionally and other sedentary

testified that Anderson would be capable of performing his past work as a telemarketer (Tr. 47, 49).

The Court finds that the RFC and the hypothetical question to the VE were proper based on the evidence of record; the Court also notes that Plaintiff has posed no claim concerning the faultiness of either.  As such, although Anderson correctly notes that the ALJ failed to explain what weight she placed on the evidence of record, the Court finds that it was, at most, only harmless error.  As such, remand of this action would be inappropriate.  *See Reeves v. Heckler*, 734 F.2d 519, 526 n.3 (11th Cir. 1984).

Plaintiff has also claimed that the ALJ improperly rejected his testimony concerning his pain and limitations (Doc. 13, pp. 11-13).  The Court notes that the standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)

criteria are met."  20 C.F.R. § 404.1567(a) (2012).

11

(citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).  Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. 404.1529(a) (2012).

In her decision, the ALJ found that the evidence "fails to support the claimant's functional limitations are of the

severity or nature alleged" (Tr. 24).  In explaining this

conclusion, the ALJ noted the following:

> Treatment notes are inconsistent with the
> degree of functional limitations alleged by
> the claimant.  Physical examination showed
> no extremity weakness, and showed his back
> shows strength bilaterally.  These progress
> notes also show the claimant voiced no
> complaints and was found without distress in
> the months following his alleged onset of
> disability.  The claimant was instructed to
> continue the treatment regimen.  His
> condition remains stable and shows no
> significant changes according to medical
> progress notes.

(Tr. 24).  The Court notes that none of the medical evidence

supports Plaintiff's testimony of pain and limitation at the

evidentiary hearing.  In fact, as noted by the ALJ, Anderson

consistently reported to the Franklin Primary Health Center that

his pain was only one on a ten-point scale (257-58); the records

from Drs. Ozment and Crotwell report pain, but not disabling

pain.  The Court finds that the ALJ's conclusion, that

Plaintiff's reporting of his pain and limitation was less than

credible, is supported by substantial evidence.

Anderson has raised two different claims in bringing this

action.  Both are without merit.  Upon consideration of the

entire record, the Court finds "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 13th day of August, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

14